**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Taniela F Kivalu, | No. CV-24-02441-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Axen Mortgage, et al., | |
| Defendants. | |

Plaintiff Taniela F. Kivalu's first amended complaint appeared to be attempting to pursue a breach of contract claim involving the amount of his monthly mortgage payment. The court dismissed that complaint for failure to state a claim on which relief could be granted. (Doc. 6.) In doing so, the court granted Kivalu leave to amend but required that any amended complaint "1) identify the contract he has with each of the named defendants; 2) identify the exact contractual provision he is relying on as prohibiting changes; and 3) attach a copy of the contract." (Doc. 6 at 4.) On October 16, 2024, Kivalu filed a second amended complaint along with 220 pages of documents associated with the contract at issue. (Doc. 7.)

Kivalu may pursue his breach of contract claim only if the second amended complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)). The court is not required to "accept as true allegations contradicting documents that are referenced in the

complaint or that are properly subject to judicial notice." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

The second amended complaint alleges Kivalu had a "signed contract between himself (Plaintiff) and defendants Axen Mortgage and United Wholesale Mortgage, LLC." (Doc. 7 at 2.) Kivalu alleges the "contract included an Escrow Account, which supposedly authorized the defendants to pay plaintiff's mortgage insurance and taxes." (Doc. 7 at 3.) As with the first amended complaint, the second amended complaint alleges Kivalu had a "fixed mortgage" with the exact monthly payments set forth in a document he received at closing. (Doc. 7 at 5.) Kivalu believes the contract and the document listing the monthly payments established a "prohibition for changes . . . for thirty (30) years fixed." (Doc. 7 at 8.) Kivalu further alleges "[t]here was no discussion of making changes, where the assumptions of increase costs of insurance, taxes, and rates were issues." (Doc. 7 at 8-9.) An alleged "change to the payments" serves as the basis for Kivalu's breach of contract claim. (Doc. 7 at 5.)

In addition to claiming the governing contract prohibited changes due to increases in insurance and taxes, Kivalu now alleges it violated the contract for his homeowners association to increase its monthly dues. (Doc. 7 at 9.) Kivalu alleges that requiring payment of increased HOA dues "is not part of the contract." (Doc. 7 at 10.) The HOA is not named as a defendant, but Kivalu requests "the HOA be notified by the court of the violation it inflicted on [Kivalu]." (Doc. 7 at 11.)

The documents attached to the second amend complaint include a "Closing Disclosure" from April 2022 when Kivalu entered into the relevant contract. (Doc. 7-1 at 34.) That document stated the loan amount and interest rate could not increase after closing. (Doc. 7-1 at 34.) But the document provided only an estimate for monthly taxes, insurance, & assessments. As of the closing date, the estimated property taxes and homeowner's insurance were a total of $243.99 per month. (Doc. 7-1 at 34.) In the section containing that estimate, the document stated "Amount can increase over time. See page 4 for details." (Doc. 7-1 at 34.) And the referenced page 4 stated, "Your property costs may change and,

as a result, your escrow payment may change." (Doc. 7-1 at 37.)

Kivalu also attached to his second amended complaint a copy of the deed of trust. (Doc. 7-2 at 47.) That document includes a section titled "Funds for Escrow Items." (Doc. 7-2 at 53.) That section required Kivalu include in his monthly payments amounts due for "taxes and assessments" as well as "premiums for any and all insurance." (Doc. 7-2 at 53.) The section also states that any "surplus" of funds held in escrow would be accounted for as required by the Real Estate Settlement Procedure Act (RESPA). Similarly, any "shortage" of funds held in escrow would result in notice to Kivalu and Kivalu would be required to "pay to Lender the amount necessary to make up the shortage in accordance with RESPA." (Doc. 7-2 at 54.) In other words, the deed of trust established Kivalu's monthly payments may increase or decrease, depending on changes to taxes, insurance, and HOA assessments. *Cf. Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 351 (5th Cir. 2008) ("RESPA provides that a loan servicer can estimate the property taxes and insurance that will be due on the property for the ensuing twelve months *and adjust the monthly payments* under the mortgage by 1/12 of the total calculations to cover the estimated expenses.") (emphasis added).

Kivalu alleges defendants breached the governing contract by changing the amount of his monthly payment. Crucially, Kivalu has not alleged defendants made changes to the amount due each month for principal and interest. Instead, Kivalu alleges the monthly payment changed based on changes to the amount required to fund his escrow account. The documents attached to the second amended complaint contain explicit terms allowing changes to the monthly payment based on adjustments to the escrow account. (Doc. 7-2 at 54.) Kivalu therefore has not stated a plausible breach of contract claim. *See Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1115 (9th Cir. 2014) (collecting cases holding court need not accept as true allegations in complaint that are contradicted by attached or referenced exhibits).

The court granted Kivalu leave to amend after dismissing his first amended complaint. The second amended complaint makes clear it would be futile to allow further

amendment. The second amended complaint is dismissed without leave to amend.

Accordingly,

**IT IS ORDERED** the second amended complaint (Doc. 7) is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment in favor of defendants and close this case.

Dated this 31st day of October, 2024.

*[signature]*
Honorable Krissa M. Lanham
United States District Judge